IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

FELIPE NERY GOMEZ,

                    Plaintiff,                  OPINION AND ORDER

   v.

                                               23-cv-555-wmc

WISCONSIN OFFICE OF LAWYER REGULATION,
ILLINOIS ATTORNEY REGISTRATION
AND DISCIPLINARY COMMISSION,
JONATHAN HENDRIX, and STEVEN SPLITT,

                    Defendants.

Plaintiff Felipe Nery Gomez, representing himself, filed this civil action against the Wisconsin Office of Lawyer Regulation ("OLR") and the Illinois Attorney Registration and Disciplinary Commission ("ARDC") seeking a declaratory judgment that he is retired from the practice of law or, in the alternative, injunctive relief that would bar the OLR or the ARDC from subjecting him to attorney discipline. Gomez also named OLR attorney Jonathan Hendrix and ARDC attorney Stephen Splitt as defendants. Gomez was suspended from the practice of law in Illinois in September of 2022. In June of 2023, the OLR initiated reciprocal proceedings to suspend Gomez's license to practice law in Wisconsin. Gomez alleges that these actions violate his Fourteenth Amendment due process rights and interfere with his "pursuit of Life, Liberty, and Happiness." (Dkt. #1, at 4-5.)

Because Gomez is proceeding without prepayment of the full filing fee, his complaint must be screened under 28 U.S.C. 1915(e)(2) to determine whether any portion is frivolous or malicious, fails to state a claim on which relief may be granted or seeks

monetary relief from a defendant who is immune from such relief. For the reasons that follow, the court lacks subject matter jurisdiction over Gomez's claims, and his claims must be dismissed.

ALLEGATIONS OF FACT[1]

Gomez was first licensed to practice law in Illinois in 1988 and admitted to the Wisconsin bar in 1999. However, his need to practice law in Wisconsin was allegedly "cut short" due to the death of an attorney for former Secretary of State, Senator, and First Lady Hillary Rodham Clinton. As a result, Gomez has neither practiced nor held a law license in Wisconsin for 20 years. Gomez also contends that he "rescinded/surrendered/gave back" his Illinois license on April 7, 2022, and is now retired from the practice of law entirely. (Dkt. #1, at 3.)

On July 26, 2023, Gomez received a computer-generated email from the ARDC that outlined reductions to the cost of reinstating law licenses for retired Illinois attorneys. (Dkt. #1-1, at 2.) However, the ARDC and defendant Splitt have "somehow managed" to list Gomez as "suspended" from the practice of law on its attorney lookup website (dkt. #1-3, at 2-3), leading the general public, including the OLR, to "incorrectly, construe Gomez as an 'Attorney at Law.'" (Dkt. #1, at 4.) As a result, the OLR has attempted to

---

[1] In addressing any self-represented litigant's complaint, the court reads the allegations generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). However, self-represented attorneys -- even those who have been disbarred -- are not entitled to similar treatment. *Godlove v. Bamberger*, 903. F.2d 1145, 1148 (7th Cir. 1990); *Weston v. Illinois Dep't of Human Servs.*, 433 F. App'x 480, 482 n.1 (7th Cir. 2011) (per curiam). Nevertheless, for purposes of this order, the court assumes the following factual allegations based on Gomez's complaint viewed in a light most favorable to him.

institute an attorney disciplinary action against Gomez despite his lacking the necessary "minimum contacts." (*Id.*, at 3.)

OPINION

I. **Judicial Notice of Disciplinary Proceedings**

Although the court must generally accept the allegations in a complaint as true, that is not the case where those allegations are contradicted by judicially noticed facts. *Jarmuth v. City of Chicago*, 43 F. Supp. 3d 889, 891 n.2 (N.D. Ill. 2014) (citing *In re Woodmar Realty Co.*, 294 F.2d 785 (7th Cir. 1961)). In particular, the court may take judicial notice of court filings and other public records. Fed R. Evid. 201(b); *Parungao v. Cmty. Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017).

Although plaintiff now frames himself as a "retiree," he was actually suspended from the practice of law by order of the Illinois Supreme Court in September of 2022. *In re Felipe Nery Gomez*, 2020 PR 00064, M.R.031256 (Ill. Sept. 21, 2022). Plaintiff's suspension from the Illinois bar -- which will last a minimum of three years and continue in effect until further order of the state Supreme Court -- was based on his pattern of sending "threatening and harassing email messages to other attorneys." *In re Felipe Nery Gomez*, 2020 PR 00064, M.R. 031256 (Jan. 7, 2022).[2]

On June 12, 2023, the OLR filed a complaint and motion with the Wisconsin Supreme Court, seeking plaintiff's three-year suspension from the Wisconsin bar as reciprocal discipline for his suspension in Illinois. *Matter of Disciplinary Proceedings Against*

---

[2] Gomez was also suspended from the federal bar in the Northern District of Illinois in 2019 for similar misconduct. *In re Gomez*, 829 F. App'x 136, 137 (7th Cir. 2020).

3

*Gomez*, 2023 WI 74, ¶ 1, 996 N.W.2d 527. Two months later, plaintiff was given the opportunity to contest the OLR's proposed discipline pursuant to Wis. Sup. Ct. R. 22.22(3). *Id*. at ¶ 4. Plaintiff did not do so, and as such, his license to practice law in Wisconsin was suspended for three years beginning on November 2, 2023. *Id*. at ¶ 7.

Not only does plaintiff's complaint include a printout of his ARDC attorney profile that reflects the outcome of the Illinois proceedings (dkt. #1-3, at 2-3) and initiation of the Wisconsin proceedings (dkt. #1-2, at 2), but he provides no reason to doubt they actually took place or were otherwise legally deficient. Accordingly, the court will take judicial notice of the disciplinary proceedings against plaintiff and their disposition. The court also takes judicial notice of the fact that plaintiff's law license has been administratively suspended in the State of Wisconsin since June of 2002 for failure to comply with Wisconsin continuing education requirements, and since October of 2003 for failure to pay mandatory state bar dues and file a trust account certification. *Gomez*, 2023 WI 74, ¶ 2.

## II. Subject Matter Jurisdiction over Plaintiff's Claims

The United States Supreme Court has identified certain circumstances where federal courts must abstain from deciding cases that are otherwise within their jurisdiction in deference to the "underlying principles of equity, comity, and federalism foundational to our federal constitutional structure." *J.B. v. Woodard*, 997 F.3d 714, 721-722 (7th Cir. 2021). A federal court "may, and often must, decline to exercise its jurisdiction where doing so would intrude upon the independence of the state courts and their ability to resolve the cases before them." *Id.* (quoting *SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 677

(7th Cir. 2010)). As explained below, at least two of those abstention doctrines ultimately deprive this court of jurisdiction over plaintiff's claims.

### A. Illinois Claims (ARDC and Splitt)

Under the *Rooker-Feldman* doctrine,[3] this court lacks subject matter jurisdiction over plaintiff's suit against the ARDC and its attorney Splitt. *See also Zurich Am. Ins. Co. v. Super. Ct. for the State of Cal.*, 326 F.3d 816, 821 (7th Cir. 2003) (*Rooker-Feldman* doctrine is jurisdictional). Except for the Supreme Court itself under 28 U.S.C. § 1257, the *Rooker-Feldman* doctrine generally bars federal courts from adjudicating "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced." *Exxon-Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). At bottom, plaintiff is asking this federal court to do just that: review a state civil matter -- here, his attorney disciplinary proceeding before the Illinois Supreme Court -- that has already been adjudicated and is inextricably intertwined with a state court determination. *Manley v. City of Chicago*, 236 F.3d 392, 397 (7th Cir. 2001).

Moreover, none of the exceptions to *Rooker-Feldman* apply here. Specifically, nowhere does plaintiff claim that: (1) the state proceeding was motivated by a desire to harass or was conducted in bad faith; (2) there is a pressing need for immediate equitable relief; or (3) the ARDC's regulations are "flagrantly and patently violative of express constitutional prohibitions." *Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 664 (7th Cir. 2007). To the contrary, there is no emergency here at all, since plaintiff

---

[3] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

affirmatively pleads that he is no longer practicing law, nor does he intend to do so, rendering any need for relief from past actions of the Illinois Supreme Court to his law license not only off-limits under *Rooker-Feldman*, but essentially moot as well. Nor has plaintiff demonstrated that he was "effectively precluded from raising" his federal constitutional claims in the Illinois disciplinary proceeding. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 557-58 (7th Cir. 1999). Given the lack of any grounds that would justify intruding on the Illinois Supreme Court's ruling, this court must abstain from hearing his claims against the ARDC and defendant Splitt both under *Rooker-Feldman* and his failure to plead a case or controversy.[4]

### B. Wisconsin Claims (OLR and Hendrix)

Although plaintiff's claims against the OLR and attorney Hendrix are not barred under the *Rooker-Feldman* doctrine because he filed his proposed complaint *before* the Wisconsin Supreme Court entered judgment suspending him from the state bar in November of 2022, *Exxon-Mobil Corp.*, 544 U.S. at 292, the court lacks jurisdiction over them under the *Younger* abstention doctrine instead. Under *Younger v. Harris*, 401 U.S. 37 (1971), a federal district court must abstain from enjoining ongoing state proceedings that: "(1) are judicial in nature[;] (2) implicate important state interests[;] (3) offer an adequate opportunity for review of constitutional claims[;] (4) so long as no extraordinary circumstances exist which would make abstention inappropriate." *Parejko v. Dunn Circuit*

---

[4] Even if the court had jurisdiction over plaintiff's Illinois claims against the ARDC, his complaint lacks any allegations that defendant Splitt had "personal involvement in the alleged constitutional deprivation" giving rise to liability under 42 U.S.C. § 1983. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017).

6

*Court*, 209 F. App'x 545, 546 (7th Cir. 2006). Indeed, the U.S. Supreme Court has already held that *Younger* abstention is appropriate in federal court cases seeking to dispute state attorney disciplinary proceedings. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 433-35 (1982).

As with *Rooker-Feldman*, a plaintiff can overcome the presumption in favor of *Younger* abstention where there is a showing of bad faith, harassment, or another extraordinary circumstance that would render abstention inappropriate. *Id*. at 435. However, plaintiff has failed to allege any facts showing the Wisconsin disciplinary proceedings fit those circumstances. If anything, the facts indicate that (1) the OLR was motivated by actions recently taken in Illinois; and (2) there is absolutely no injury to plaintiff caused by the OLR proceedings, since he has been suspended from practicing law in Wisconsin for well over 20 years and he disavows any interest in returning to legal practice. At worst, the OLR's recent review of the status of plaintiff's law license in Wisconsin is a case of "belt and suspenders," or arguably overkill, not a basis to ignore the obvious application of *Younger* abstention. Regardless, the facts are that plaintiff was given -- and declined -- the opportunity to challenge the OLR's findings and present a defense to the allegations against him. *Gomez*, 2023 WI 74, ¶ 4. Thus, any further review of the Wisconsin Supreme Court's judgment will have to come from the United States Supreme Court, not by starting all over

again in this court. *Johnson v. Sup. Ct. of Illinois*, 165 F.3d 1140, 1141 (7th Cir. 1999).[5] Consequently, this court must abstain from hearing plaintiff's claims against the OLR and defendant Hendrix as well.

ORDER

IT IS ORDERED that:

1) Plaintiff Felipe Nery Gomez's complaint is DISMISSED for lack of subject matter jurisdiction.

2) The clerk of court is directed to close this case.

Entered this 19th day of September, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[5] Although plaintiff only had ninety days to apply for a writ of certiorari to the United States Supreme Court after the Wisconsin Supreme Court's entry of final judgment on November 2, 2023, that period may be extended for a period not exceeding sixty days upon good cause shown. 28 U.S.C. § 2101(c). As with defendant Splitt, plaintiff's complaint is also devoid of any allegations that defendant Hendrix had "personal involvement in the alleged constitutional deprivation" that would give rise to liability under 42 U.S.C. § 1983. *Colbert*, 851 F.3d at 657.